UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL B. BROCKWAY,

                      Petitioner,

                04-CV-6254 (CJS)(VEB)

-vs-

                DECISION and ORDER

JOHN W. BURGE, Superintendent,

                      Respondent.

On March 16, 2010, the Honorable Victor E. Bianchini, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Docket No. [#20]), recommending that this action be dismissed as untimely. On March 16, 2010, the Clerk of the Court electronically served notice of entry of the R&R on Petitioner's and Respondent's counsel. The R&R indicated that any objections to the R&R had to be filed within ten (10) days. The reference to ten days was an error, however, as 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 were amended, effective December 1, 2009, to extend that time to fourteen (14) days. In any event, no objections were timely filed.

On April 15, 2010, the Court issued a Decision and Order [#21] adopting the R&R and dismissing the action. The Clerk of the Court electronically served notice of entry on Petitioner's and Respondent's counsel the same day.

On May 5, 2010, fifty days after the R&R was issued and twenty days after the Decision and Order was issued, the Court received a letter from Petitioner's attorney, which states, in pertinent part:

> I am in receipt and have reviewed the Decision and Order Adopting Report and Recommendation and the Report and Recommendation for the above stated matter. In the first paragraph of the Decision and Order, it is stated that the United States Magistrate Judge issued a Report and

1

> Recommendation recommending that this action be dismissed and that there was no Objections having been filed within the time specified for doing so. I did not review the hereinstated until the later part of April 2010, as I was out of town for approximately three weeks.

(Morabito letter). The same day, Petitioner filed a Notice of Appeal [#23] and an Objection [#24] to the R&R. The Objection asks that Petitioner be allowed to file "a late Objections" to the R&R. In that regard, the Objection states that Petitioner's counsel

> was recently on vacation, out of the State of New York, for approximately three weeks. Counsel went to the Clerk of the District Court for the Western District of New York on April 27, 2010 to obtain a copy of the Report and Recommendation and the Decision and Order Adopting Report and Recommendation issue by the above stated Courts.

(Proposed Objection [#24] ¶ 3).

The R&R in this case contained the following language: "**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order**." *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ.P. 72, 6(a), 6(e)." (emphasis in original).

> The granting or denial of a motion to extend the time for objection to a magistrate's recommendations lies within the discretion of the district court. *See* Fed.R.Civ.P. 6(b). If such a motion is made after the expiration of the deadline for objections, the movant is required to show that the failure to act was the result of excusable neglect.

*Wesolek v. Canadair Ltd.*, 838 F.2d at 58 (citation and internal quotation marks omitted). In *Wesolek*, an attorney requested an extension of the deadline for filing objections, beyond the deadline for filing such objections, on the grounds that he had been on vacation: "The motion stated that Slater had been in Florida when the magistrate's report was received in his office, that his partner had only 'limited familiarity' with defendants' motion to dismiss, and that Slater had been occupied with other business since his return

2

from Florida." *Id*., 838 F.2d at 57. The district court denied the application, and the Second Circuit affirmed, stating:

> [T]he motion was not received by [the District Court Judge] until long after the deadline for objections had passed and was woefully lacking in any acceptable explanation for the failure to act earlier. Although the motion recited that Slater had been in Florida, it did not state that he had been unaware either of the receipt of the magistrate's report or of the statutory provision and rules requiring any objection to be filed within 10 days. Although the motion stated that Slater's partner had "limited familiarity" with defendants' motion to dismiss, it did not state that he was not aware of the deadline for objections. The motion did not reveal just when Slater had returned to his office, whether before or after the expiration of the 10-day period; and its statement that Slater had, upon his return, attended to motions and other proceedings in other cases did not indicate that his neglect of this case was excusable.

*Id*., 838 F.2d at 58.

In this case, the Court finds that Petitioner has not shown good cause or excusable neglect for the failure to file objections or to request and extension of time within the time specified for doing so. Consequently, the Objection [#24] is denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: June 7, 2010
      Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge